**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MIRIAM FLORES, individually and
as a parent of Miriam Flores,
minor child; ROSA RZESLAWSKI,
individually and as a parent of
Mario Rzeslawski, minor child,
　　　　　　*Plaintiffs-Appellees,*

　　　　　　　v.

STATE OF ARIZONA and the ARIZONA
STATE BOARD OF EDUCATION, and
its individual members in their
official capacities,
　　　　　　*Defendants-Appellees,*

THOMAS C. HORNE, Superintendent
of Public Instruction,
　　　　　　*Defendant-Appellant,*

　　　　　　and

SPEAKER OF THE ARIZONA HOUSE OF
REPRESENTATIVES and PRESIDENT OF
THE ARIZONA SENATE,
　　　　　　*Intervenors.*

No. 07-15603

D.C. No.
CV-92-00596-RCC
District of Arizona,
Tucson

MIRIAM FLORES, individually and
as a parent of Miriam Flores,
minor child; ROSA RZESLAWSKI,
individually and as a parent of
Mario Rzeslawski, minor child,
             *Plaintiffs-Appellees,*

                   v.

SPEAKER OF THE ARIZONA HOUSE OF
REPRESENTATIVES and PRESIDENT OF
THE ARIZONA SENATE,
             *Intervenors-Appellants,*

                   and

STATE OF ARIZONA and the ARIZONA
STATE BOARD OF EDUCATION, and
its individual members in their
official capacities, THOMAS C.
HORNE, Superintendent of Public
Instruction,
                   *Defendants.*

No. 07-15605

D.C. No.
CV-92-00596-RCC
District of Arizona,
Tucson

ORDER

Filed April 17, 2008

Before: Betty B. Fletcher, Marsha S. Berzon, and
Johnnie B. Rawlinson, Circuit Judges.

## **ORDER**

The full court has been advised of the petitions for rehearing en banc. No judge of the court has requested a vote on en banc rehearing. *See* Fed. R. App. P. 35(f). Judges Berzon and Rawlinson voted to deny the petitions for rehearing en banc and Judge Fletcher so recommended.

The panel has voted to amend its opinion and to deny the petitions for rehearing with the following amendment.

The opinion filed February 22, 2008 and published at 516 F.3d 1140 is amended as follows:

On page 1178, add the following paragraph to footnote 52 following the last sentence of the footnote:

> Our conclusion is unaffected by 20 U.S.C. § 6321(d), which provides an exception to some federal fiscal requirements for a narrow class of state funds expended for programs benefitting disadvantaged children. Arizona receives funding from several other federal programs. We need not decide if § 6321(d) could ever affect the application of § 7902, because § 15-756.11(E)'s consideration of federal funds is not limited to funds covered by § 6321(d). So, even if the exception were relevant here, it would not excuse Arizona from complying with federal fiscal requirements which it does not cover and § 15-756.11(E) would thus still violate § 7902. In any event, it is far from clear, although we need not decide the matter, that the compensatory instruction funds would be covered by the exception in the first place. *See* 20 U.S.C. § 6321(d) (limiting the exception to "supplemental State . . . funds expended . . . for programs that meet the intent and purposes of this part"); *see also* 34 C.F.R. § 200.79 (defining the boundaries of the "intent and purposes" exception).

*        *        *

No further petitions for rehearing or rehearing en banc will be entertained. The mandate shall issue in due course.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.